IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**KEDRON L. JOHNSON**                                                                 **PETITIONER**
**ADC #120099**

V.                              CASE NO. 5:18-CV-247-SWW-BD

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Mr. Johnson may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Johnson does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

Petitioner Kedron L. Johnson, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus. (Docket entry #2) Mr. Johnson was convicted of rape in Pulaski County Circuit Court and was sentenced to twenty-five years' imprisonment in the ADC. *Johnson v. State*, 80

Ark. App. 79, 80-81 (2002). Mr. Johnson appealed his conviction, but the Arkansas Court of Appeals affirmed. *Id*. at 84.

In October 2003, Mr. Johnson commenced his first federal court challenge to his conviction by filing a petition for writ of habeas corpus under 28 U.S.C. 2254. *Johnson v. Norris*, 5:03CV00379 SWW (filed Oct. 7, 2003). United States District Court Judge Susan Webber Wright determined that the petition had no merit and denied it. *Id*. at docket entry #11. Mr. Johnson requested a certificate of appealability, but Judge Wright denied his request. *Id*. at docket entry #15. The United States Court of Appeals for the Eighth Circuit later affirmed the denial of his request for a certificate of appealability. *Id*. at docket entry #16. He petitioned the United States Supreme Court for a writ of certiorari, but his request was denied. *Id*. at docket entry #20.

In 2009, Mr. Johnson commenced his second federal court challenge to the same conviction by filing a petition for writ of habeas corpus. *Johnson v. Norris*, 5:09CV00113 SWW, 2009 WL 1653466, at *2-3 (E.D. Ark. June 9, 2009). Judge Wright found that the petition was a second or successive petition and, because Mr. Johnson had not obtained approval of the Court of Appeals to file a second or successive petition, denied the petition. *Id*. at *1.

In 2011, Mr. Johnson filed a third petition for writ of habeas corpus challenging the same conviction. *Johnson v. Hobbs*, No. 5:11CV00040 SWW/HDY, 2011 WL 1639957, at *1 (E.D. Ark. Apr. 21, 2011), *report and recommendation adopted*, No. 5:11CV00040 SWW, 2011 WL 1639265 (E.D. Ark. May 2, 2011). Judge Wright again determined that the petition was a second or successive petition, and she denied the

petition because Mr. Johnson had again not obtained approval of the Court of Appeals to file the petition. *Id*.

After the petition was dismissed, Mr. Johnson sought the approval of the Court of Appeals to file a second or successive petition in the district court pursuant to 28 U.S.C. 2254. The Court of Appeals denied his request. See *Johnson v. Hobbs*, No. 5:13CV00077 SWW, 2013 WL 2553612, at *2 (E.D. Ark. June 6, 2013).

Mr. Johnson filed a fourth petition for writ of habeas corpus challenging the same conviction in 2013. *Id*. Judge Wright denied the petition as an impermissible second or successive petition and denied a certificate of appealability. *Id*. at *1.

Mr. Johnson has now filed his fifth federal court challenge to his 2001 conviction by filing the instant petition for writ of habeas corpus. (Docket entry #1) Mr. Johnson attaches to his petition an order dismissing a state petition for writ of habeas corpus dated July 3, 2018, and an order denying a motion for reconsideration dated July 26, 2018. (#2 at 6-8, 12) It appears that Mr. Johnson now attempts to appeal the denial of his state petition for habeas relief. (#2 at 3) He claims that his sentence is "illegal on its face" and that the trial judge made errors. (#2 at 3)

**III.   Discussion:**

This Court lacks jurisdiction to hear Mr. Johnson's petition. As set forth above, Mr. Johnson has already challenged his conviction through earlier federal habeas petitions. Before he is eligible to file another federal habeas corpus petition challenging his conviction, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Without an order from the court of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases. The pending petition is clearly successive.

### IV. Conclusion:

The Court recommends that Judge Wright: DENY and DISMISS Kendron L. Johnson's petition for writ of habeas corpus (#2), without prejudice; deny his motion for leave to proceed *in forma pauperis* (#1) as moot; and deny a certificate of appealability.

DATED this 5th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).